***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with minor modifications, the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and are subject to and *Page 2 
bound by the provisions of the Workers' Compensation Act, the Commission has jurisdiction over the parties and the subject matter, and an employer-employee relationship existed between Plaintiff and Defendant-Employer.
2. All parties have been correctly designated, and there are no questions as to misjoinder or nonjoinder of the parties.
3. All carriers have been correctly designated, and there are no questions as to insurance coverage of the parties.
4. The employee's average weekly wage at the time of her injury is stipulated to be $622.72, with a compensation rate of $415.17.
The parties also stipulated to the introduction of all Industrial Commission filings, Plaintiff's medical records, Defendants' Responses to Plaintiff's First Interrogatories and Request for Production of Documents, Plaintiff's employment records, a surveillance DVD of Plaintiff working her shift on the date of the alleged injury, Plaintiff's recorded statement, documents related to civil claims Plaintiff has filed against the employer, and Plaintiff's Responses to Defendants' First Interrogatories and Request for Production of Documents.
 *********** ISSUE TO BE DETERMINED
1. Whether Plaintiff sustained a compensable injury by accident or specific traumatic incident on January 23, 2009, and if so, to what benefits is she entitled?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT *Page 3 
1. Plaintiff became employed with Alamance Municipal ABC Board ("ABC") in 1999. At the time of her alleged injury on January 23, 2009, Plaintiff worked for Defendant-Employer as a store clerk. Plaintiff's primary job responsibilities included cleaning and stocking the store, and assisting customers.
2. On January 23, 2009, Plaintiff's average weekly wage was $622.72, yielding a compensation rate of $415.17.
3. Plaintiff alleges that she suffered an injury to her back in the course and scope of her employment with Defendant-Employer while moving boxes of liquor in Defendant-Employer's warehouse on January 23, 2009.
4. Plaintiff testified that she was in severe pain and was rubbing and holding her back while at work following her injury. However, video surveillance footage from Defendant-Employer's store and warehouse, recorded during all hours of Plaintiff's shift on January 23, 2009, does not depict Plaintiff being injured. The footage depicts Plaintiff working and moving through the store with a smile on her face, and without any indication that she is in pain.
5. Plaintiff also testified that on January 23, 2009, she informed her manager, Ernest Murray, that she had hurt her back while working, and asked whether she could leave to go to the doctor to seek treatment. Mr. Murray, however, testified that Plaintiff did not inform him that she had hurt her back, or was in any way injured at work, and that she simply informed him that she had a doctor's appointment at 11:30 a.m. Mr. Murray also testified that Plaintiff informed him that she had hurt her back when she slipped and fell in her shower at home. Finally, Mr. Murray testified that Plaintiff did not appear to be in severe pain.
6. Following her alleged injury, Plaintiff initially treated at UNC Hospitals on January 23, 2009. The medical records from UNC on January 23, 2009 indicate that Plaintiff *Page 4 
denied an injury, that Plaintiff had prior back pain, and that Plaintiff had seen a chiropractor multiple times in the preceding two months for right sided back pain which went down her right leg into her toes. This is in direct contradiction to Plaintiff's testimony at the hearing before the Deputy Commissioner that she did not have any back or leg pain, or pain or numbness in her toes prior to her alleged January 23, 2009 injury. The UNC medical records also contradict Plaintiff's statement to her treating physician, Dr. Moe Lim, that she had not experienced pain in her right leg until January 23, 2009.
7. On January 26, 2009, Plaintiff treated with Alamance Regional Medical Center. The medical records from Alamance Regional further contradict Plaintiff's testimony that she sustained an injury at work on January 23, 2009 in that they indicate that Plaintiff injured herself at home.
8. Plaintiff treated with Steven D. Cecil, D.C. approximately twenty-five (25) times prior to January 23, 2009 for lower back and hip pain. On January 23, 2009, Plaintiff presented to Dr. Cecil, with complaints no different from her previous visits. Furthermore, Plaintiff's chiropractic records indicate that she was experiencing pain in her low back on the right which traveled down the leg to the heel as early as October 1, 2008.
9. Dr. Moe Lim, Plaintiff's treating orthopedic surgeon, testified that Plaintiff failed to provide him with an accurate medical history. Specifically, Plaintiff informed Dr. Lim that she had not experienced right leg pain prior to January 23, 2009. Dr. Lim testified that Plaintiff's denial of right leg pain preceding her alleged injury on January 23, 2009 was the basis for his medical opinion regarding causation. After reviewing Plaintiff's chiropractic records indicating that she was experiencing pain in her low back on the right and traveling down the leg to the heel as early as October 1, 2008, Dr. Lim testified that it was "much more likely" that Plaintiff's *Page 5 
herniated disc existed on October 1, 2008, and that Plaintiff's herniated disk "most likely" pre-existed any alleged injury on January 23, 2009. Most importantly, Dr. Lim testified that he could not say with any degree of medical certainty that Plaintiff did anything on January 23, 2009 to result in a condition that required surgery.
10. Based upon the greater weight of the evidence, including the contradictions between Plaintiff's testimony and her medical records, and the testimony of other credible witnesses of record, the Full Commission does not accept Plaintiff's testimony as credible.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. An employee seeking benefits bears the burden of proving a particular accident was a causal factor of an injury by a preponderance of the evidence. In the instant case, Plaintiff has failed to carry her burden of proving the existence of an accident occurring in the course and scope of her employment. N.C. Gen. Stat. § 97-2(6).
2. "Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent evidence as to the cause of the injury." Click v. PilotFreight Carriers, Inc.,300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). "The evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation." Holley v. ACTS,Inc.,357 N.C. 228, 232, 581 S.E.2d 750, 753 (2003) (internal citations omitted).
3. Plaintiff has not presented evidence to take the case out of the realm of conjecture *Page 6 
or remote possibility, and has failed to carry her burden of proving she suffered a compensable injury by accident or specific traumatic incident in the course and scope of her employment. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits under the North Carolina Workers' Compensation Act is DENIED.
2. Plaintiff's claim for further medical treatment is DENIED.
3. Plaintiff's claim for temporary total and/or temporary partial disability benefits is DENIED.
4. Each party shall pay its own costs, except that the Defendants shall pay an expert witness fee of $250.00 to Steven D. Cecil, D.C. and $575.00 to Moe Lim, M.D., if not already paid by prior order.
This the 18th day of February, 2011.
 S/___________________ LINDA CHEATHAM *Page 7 
COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1